UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **ROBIN GILL-SAMUEL,** | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT.** | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

# COMPLAINT

ROBIN GILL-SAMUEL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of the

United States, and for pendant state law claims under 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4.    Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

5.    Venue is proper under 28 U.S.C. §1391 (b)(2).

**PARTIES**

6.    Plaintiff is a natural person residing in Fort Lauderdale, Florida 33308.

7.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9.    Defendant is a corporation with national headquarters at 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

10.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.    Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to purchases on her Fingerhut/Bluestem account made for personal, family, and household purposes.

16. Beginning in or before April 2017 and continuing through June 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

17. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

18. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would be greeted with a recorded message before the call was transferred to a live representative.

19. Around Memorial Day of 2017, Plaintiff told one of Defendant's representatives that she wanted the calls to stop, but Defendant continue to call.

20. In or around early June 2017, Plaintiff again expressed her desire that Defendant not call her, but again Defendant ignored her request and continued to call.

21. Once Defendant was informed that its calls were unwanted and to stop calling, its continued calls could have served no lawful purpose.

22. Despite Plaintiff's requests to stop calling, Defendant persisted in calling Plaintiff through late June 2017.

23. Defendant's calls were not for emergency purposes.

24. Defendant's calls were bothersome, invasive, disruptive and frustrating for Plaintiff.

25. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

26. Upon information and belief, Defendant conducts business in a manner which violates the TCPA and the FCCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

29. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

31. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone to collect money.

32. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

33. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANT VIOLATED
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

39.     Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff between April 2017 and June 2017, calling over and over again despite knowing its calls were unwanted.

Wherefore, Plaintiff, ROBIN GILL-SAMUEL, respectfully prays for judgment as follows:

a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

d. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

e. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBIN GILL-SAMUEL, demands a jury trial in this case.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| Dated:  November 28, 2017 | By: /s/ Amy L. Bennecoff Ginsburg |
|  | Amy L. Bennecoff Ginsburg, Esq.<br>Fla. Bar No.: 1002337<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Facsimile: (877) 788-2864<br>Email: aginsburg@creditlaw.com |